■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN WRIGHT, Appellant. [996 NYS2d 556]—

Devine, J. Appeal from a judgment of the County Court of Albany County (Ceresia, J.), rendered November 15, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

To resolve all potential charges stemming from his involvement in a string of home burglaries, defendant pleaded guilty to an indictment charging him with burglary in the second degree and waived his right to appeal from the conviction and sentence. County Court further advised defendant that it was making no commitment on the issue of whether to adjudicate him a youthful offender. County Court thereafter denied defendant's request for youthful offender status and sentenced him, within the range contemplated by the plea agreement, to a prison term of six years to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.

Defendant does not challenge the validity of his guilty plea or appeal waiver, and the record reveals that both were voluntary, knowing and intelligent. To the extent that defendant now challenges the agreed-upon sentence as harsh and excessive, his argument is precluded by his valid appeal waiver (*see People v Fate*, 117 AD3d 1327, 1329 [2014]). His valid appeal waiver similarly precludes his contention that County Court "improperly denied him youthful offender treatment and his request that we exercise our interest of justice jurisdiction to grant him youthful offender status" (*People v Torres*, 110 AD3d 1119, 1119 [2013], *lv denied* 22 NY3d 1044 [2013] [citations omitted]; *accord People v Fate*, 117 AD3d at 1329).

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.